FILED
CHARLOTTE, N. C.
JAN 16 2008
U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:05CR391-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARTHUR TORRENCE McILWAINE, )<br>)<br>Defendant. ) | **CONSENT ORDER AND**<br>**JUDGMENT OF FORFEITURE** |

BASED UPON the terms of the plea agreement between the United States of America and defendant, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

**Real property located at 1021 Oakdale Road, Charlotte, North Carolina, as more particularly described in a deed recorded at Book 12503, Page 644, in the Mecklenburg County Public Registry;**

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture

pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

In further consideration of this consent order and judgment, defendant's wife, Charmine Price McIlwaine, hereby consents to forfeiture of this property and waives any and all right to notice of any further proceedings herein. The United States agrees to pay Charmine Price McIlwaine one-half of the net proceeds from the sale of the property and to allow her to continue to reside in the property until a final order of forfeiture is entered.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
KEITH M. CAVE
Assistant United States Attorney

_____
ARTHUR TORRENCE McILWAINE
Defendant

_____
HENDERSON HILL
Attorney for Defendant

_____
JACOB H. SUSSMAN
Attorney for Defendant

Consented and agreed to:

_____
CHARMINE PRICE McILWAINE

Signed this the 16th day of January, 2008.

_____
FRANK D. WHITNEY
UNITED STATES DISTRICT JUDGE